# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHRIS J. JACOBS, III,

          Plaintiff,

          -vs-                          Case No. 07-C-0306

DANE COUNTY CLERK OF COURT,
MATTHEW J. FRANK, and
WARDEN SCHNEITER,

          Defendants.

## DECISION AND ORDER

Plaintiff, Chris J. Jacobs, III, who is incarcerated at Wisconsin Secure Program Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay the statutory filing fee of $350.00 for this action. If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis,* the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee

of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $1.42. Thus, the plaintiff's petition to proceed *in forma pauperis* will be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

2

construed as intended to harass." *Lindell v. McCallum,* 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 [1957]). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)

3

(quoting *Conley*, 355 U.S. at 47); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for *pro se* prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson*, 362 F.3d at 970.

The plaintiff was incarcerated at the Wisconsin Secure Program Facility (WSPF) at all times relevant. (Complaint [Compl.] at 6). Defendant Schneiter is the Warden of WSPF. *Id.* at 1. Defendant Matthew Frank is the Secretary of the Wisconsin Department of Corrections (DOC). *Id.* The complaint also names the Dane County Clerk of Court as a defendant. *Id.*

During the summer of 2006, the plaintiff filed a lawsuit in Dane County Circuit Court asking that he be provided food and postage. *Id.* According to the plaintiff, defendant Schneiter and prison staff refused his requests for extra food, denied him three adequate meals a day, and prevented him from accessing the Inmate Complaint Review System (ICRS). *Id.* at 1-2.

The trial court did not act on the plaintiff's request because he failed to exhaust his administrative remedies. *Id.* at 2. Moreover, the court "ignored [the plaintiff's] motion to order photocopies" and would not allow him to hand copy his complaint, thereby denying him access to the courts. *Id.* The plaintiff appealed, and the appellate court subsequently remanded the action, instructing the trial court to accept the case, even though the plaintiff

4

failed to exhaust his administrative remedies. *Id.* However, the trial court again refused to act on the plaintiff's lawsuit. *Id.*

Thereafter, the plaintiff filed several complaints with the Judicial Commission. *Id.* The plaintiff's case was dismissed on December 21, 2006. *Id.* However, the plaintiff claims that he was never notified of the dismissal. *Id.*

At a January 26, 2007, telephonic hearing the plaintiff's case was "again denied for not exhausting administrative remedies." *Id.* The plaintiff filed another appeal, which did not "mov[e] forth." *Id.* Therefore, the plaintiff filed a motion to bypass the Wisconsin Court of Appeals and go directly to the Wisconsin Supreme Court. *Id.*

The plaintiff then filed another lawsuit in Dane County Circuit Court, asking that WSPF prison officials be ordered to accept his ICRS complaints. *Id.* at 3. Specifically, the plaintiff complained that the Corrections Complaint Examiner (CCE) in Madison refused to acknowledge his complaints and the Inmate Complaint Examiner (ICE) at WSPF limited his access to administrative complaint forms and envelopes. *Id.* The state court, however, refused to do anything about the situation. *Id.*

The plaintiff further alleges that for the past year and a half, only a handful of his inmate complaints have been assigned a complaint number, and that most of these complaints were rejected. *Id.* at 9. Moreover, ICE Trumm told the plaintiff that he would be limited to ten complaints and that she would not respond to duplicate complaints. *Id.* The

5

plaintiff states that he filed 62 inmate complaints in one week complaining about denial of access to the ICRS. *Id.* at 10-11.

Finally, the plaintiff claims that T. Gerber and Mr. Hable, who work in the business office, refused to copy ICE forms and CCE forms and that they seized his originals. *Id*. at 11. When the plaintiff sent ICE forms to his parents to make copies, the copies were never sent to him. *Id.*

The complaint is deficient for several reasons. First, it is unclear whether the plaintiff seeks to pursue new access to the courts and food-related claims in this court or whether he seeks review of his state court cases. Specifically, in the first several pages of the complaint the plaintiff complains about the disposition of his state court cases. *See* Compl. at 1-3. The latter pages of the complaint, however, concern recent incidents and it is unclear whether such claims were litigated in state court. *See* Compl. at 9-11.

The complaint is further deficient because the Dane County Clerk of Court is not mentioned in the body of the complaint. The plaintiff's failure to assert a specific act of wrongdoing by defendant Dane County Clerk of Court does not suffice to meet the personal involvement requirement necessary for § 1983 liability. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)("to recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

In the event the plaintiff requests that this court issue an order directing the Dane County Circuit Court to permit him to file a lawsuit regarding his food and postage

6

claims, thereby circumventing the previous decisions in his state court lawsuits, this court lacks subject matter jurisdiction to review state court judgments. *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Dist. Court of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

Finally, the plaintiff alleges that ICE Trumm restricted his use of the ICRS and T. Gerber and Mr. Haber prevented him from copying ICRS forms. However none of these individuals are named defendants. To make someone a party the plaintiff must specify him in the caption and arrange for service of process. *Myles v. United States*, 416 F.3d 551 (7th Cir. 2005). It is unacceptable for a court to add litigants on its own motion. *Id.*

In light of the foregoing, the plaintiff may file an amended complaint within 30 days if he can cure the deficiencies in the original complaint by: (1) making clear which claims he seeks to pursue in this court; (2) making specific allegations of wrongdoing against each defendant; and (3) identifying all defendants in the caption of the complaint. The plaintiff is hereby advised that he has until **July 18, 2007**, in which to file an amended complaint. If the plaintiff fails to file an amended complaint on or before **July 18, 2007**, this action may be dismissed pursuant to Civil L.R. 41.3 (E.D. Wis.) and Fed.R.Civ.P. 41(b).

The plaintiff is also advised that the amended complaint supercedes the prior complaints and the amended complaint must be complete in itself without reference to the prior complaints. Accordingly, any matters not set forth in the amended complaint are, in

7

effect, withdrawn. *See Duda v. Bd. of Ed. Of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). Once filed, the amended complaint will be screened pursuant to 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED** that the petition to proceed *in forma pauperis* (Doc. 2) is **granted.**

**IT IS FURTHER ORDERED** that the plaintiff may file an amended complaint by **July 15, 2007**. Failure to file an amended complaint on or before **July 15, 2007**, may result in dismissal of this action pursuant to Civil L.R. 41.3 (E.D. Wis.) and Fed.R.Civ.P. 41(b) (copies enclosed).

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $348.58 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

8

Dated at Milwaukee, Wisconsin, this 18th day of June, 2007.

**SO ORDERED,**

s/ Rudolph T. Randa

**HON. RUDOLPH T. RANDA**
**Chief Judge**

**Civil L.R. 41.3 Dismissal for Lack of Diligence.**

> Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. Any affected party can petition for reinstatement of the action within 20 days.

**Fed. R. Civ. P. 41(b) Involuntary Dismissal: Effect Thereof.**

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision, and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.