# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CHRIS J. JACOBS, III,**

    **Plaintiff,**

v.                                                                              Case No. 07-C-0306

**DANE COUNTY CLERK OF COURT,**
**MATTHEW J. FRANK and**
**WARDEN SCHNEITER,**

    **Defendants.**

## DECISION AND ORDER

Plaintiff, Chris J. Jacobs, III, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. By decision and order dated August 15, 2007, the court dismissed the plaintiff's case because he failed to file an amended complaint curing the deficiencies in his original complaint. That same day, judgment was entered dismissing the action. This matter comes before the court on the plaintiff's motion to reopen and motion for order.[1]

**1.**     **Motion to Reopen**

The plaintiff seeks to reopen his case. In the August 15, 2007, order dismissing this action, the plaintiff was advised that he could petition for reinstatement if: (1) he filed an amended complaint that was complete in itself without reference to the original complaint; (2) he offered reasons in support of his failure to timely file an amended complaint; and (3)

---

[1] The pending motion is the plaintiff's second motion to reopen. His first motion was denied for failure to file a proposed amended complaint as advised by the August 15, 2007, order.

he indicated that he wishes to pursue this action. The plaintiff claims that he failed to timely file an amended complaint because he was on legal loan suspension. He has also indicated that he wishes to pursue this action and he has file an amended complaint. Thus, the plaintiff's motion to reopen will be granted. The court will now screen the amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

2

R. Civ. P. 8(a). It is not necessary for plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Id. at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### A. Background

The plaintiff, a state prisoner, was incarcerated at the Wisconsin Secure Program Facility (WSPF) at all times relevant. Defendant Matthew Frank is the Secretary of the Wisconsin Department of Corrections (DOC). Defendant Schneiter is the Warden of WSPF. The complaint also names the Dane County Clerk of Court as a defendant.

According to the plaintiff, defendants Frank and Schneiter refuse to let his parents send him food. Moreover, the defendants do not permit the plaintiff's parents to buy him food and postage from the canteen.

The plaintiff has no money and 100% of his income is taken. He is being denied three adequate meals every day.

The plaintiff further avers that the defendants have denied him meaningful access to the courts. Specifically, he alleges that "I'm not allowed to use Wis. Courts meaningfully." (Amend. Compl. at 1).

**B. Analysis**

The plaintiff avers that he was denied adequate food. The Eighth Amendment proscribes cruel and unusual punishment in cases of official conduct which is not part of the formal penalty for a crime. *Wilson v. Seiter*, 501 U.S. 294, 299 (1991). The Eighth Amendment is violated when the government "so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs," such as food. *Reed v. McBride*, 178 F.3d 849, 852 (7th Cir. 1999)(citing *Helling v. McKinley*, 509 U.S. 25, 32 (1993)(citations omitted)). Based on this, the plaintiff's allegation that he was denied adequate food states a claim under the Eighth Amendment.

The plaintiff further asserts that he has no funds to purchase postage and he is denied access to the courts. It is well established that prisoners have a constitutional right to adequate, effective, and meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817,

4

824 (1977); *Lewis v. Casey*, 518 U.S. 343, 350-54 (1996). To state a claim for denial of access to the courts, the complaint must "spell out, in minimal detail," the connection between the alleged denial of access to the courts and an inability to "pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Pratt v. Tarr*, 464 F.3d 730 (7th Cir. 2006). Thus, the plaintiff may proceed on an access to the courts claim.

As a final matter, the complaint names the Dane County Clerk of Court as a defendant. However, the Dane County Clerk of Court is not mentioned in the amended complaint. The plaintiff's failure to assert a specific act of wrongdoing by the defendant does not suffice to meet the personal involvement requirement necessary for § 1983 liability. *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."). Therefore, the Dane County Clerk of Court will be dismissed from this action.

**2. Motion for Order**

The plaintiff has moved for a court order requiring prison officials to allow his parents to send him food and postage and to permit his parents to buy him food from the canteen. Inasmuch as the plaintiff asks the court to order the defendants to perform an affirmative act, his motion is construed as one for injunctive relief. To prevail on a motion for a preliminary injunction or a temporary restraining order, the plaintiff shoulders the burden of establishing: (1) a reasonable likelihood of success on the merits, (2) no adequate

5

remedy at law, and (3) irreparable harm if injunctive relief is denied. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). If the petitioner satisfies the initial three-step burden, the court must balance the irreparable harm to the nonmoving party if the injunction is granted against the irreparable harm to the moving party if the injunction is denied. *Id.* The court also must consider the effect of the injunction on nonparties. *Id.*

In the present case, the plaintiff has not established a basis for injunctive relief. He has not presented any argument or evidence to show that he lacks an adequate remedy at law. Moreover, he has given no indication that he will suffer irreparable harm if injunctive relief is not granted. Thus, the plaintiff's motion for order will be denied without prejudice.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to reopen (Docket # 15) is **granted.**

**IT IS FURTHER ORDERED** that the plaintiff's motion for order (Docket # 16) is **denied without prejudice.**

**IT IS ORDERED** that defendant Dane County Clerk of Court is **dismissed** pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

**IT IS ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the

6

Case 2:07-cv-00306-RTR    Filed 05/12/08    Page 6 of 8    Document 23

U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $348.58 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or

7
Case 2:07-cv-00306-RTR    Filed 05/12/08    Page 7 of 8    Document 23

typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 12th day of May, 2008.

**SO ORDERED,**

*s/ Rudolph T. Randa*

**HON. RUDOLPH T. RANDA**
**Chief Judge**